UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

WILLIAM ASHBY SMITH, JR., and )
as next friend for his minor )
child )
                        )
         Plaintiffs, )
                        )
         v.            )   NO.  3:06-0127
                        )   **Jury Demand**
STATE OF TENNESSEE, et al., )   Judge Echols/Brown
                        )
         Defendants. )

To: The Honorable Robert L. Echols, District Judge

**REPORT AND RECOMMENDATION**

## I.  INTRODUCTION

Currently pending in this civil action are two motions: (1) a Motion to Dismiss Amended Complaint filed by Defendant State of Tennessee and its political subdivision and its officials in the Judicial Division of the State of Tennessee (collectively, "State Defendants") (Docket Entry No. 18), and (2) a motion to dismiss claims against Defendant Susan Limor ("Limor") for lack of subject matter jurisdiction, entertained <u>sua</u> <u>sponte</u>, at the suggestion of Limor.

Specifically named State Defendants include the Tennessee Court of Appeals, the Circuit Court of Williamson County, the Circuit Court of Davidson County, Judge William B. Cain, Judge Donald P. Harris, and Judge Russell Heldman.

For the reasons set forth below, the Magistrate Judge

1

recommends that both Motions be **GRANTED** and that **SANCTIONS** be imposed on Plaintiffs in the form of **DISMISSAL WITH PREJUDICE** of Smith's remaining claims and **DISMISSAL WITHOUT PREJUDICE** of Plaintiff Minor's remaining claims.

## II.   BACKGROUND

Plaintiff William Ashby Smith, Jr. ("Smith"), acting for himself and as next friend for his minor child ("Plaintiff Minor"), filed a complaint on February 17, 2006 for damages, injunctive, and other relief for violations of the Americans with Disabilities Act ("ADA") and/or other civil rights violations. (Docket Entry No. 1.)

The Plaintiffs then filed an amended complaint on March 20, 2006, in which they joined additional defendants and claims. (Docket Entry No. 13.)  The amended complaint alleges that both Plaintiffs are qualified individuals with disabilities as defined by 42 U.S.C. § 12131(2).  (Id. ¶ I(a)-(b).)

Plaintiffs allege that the State Defendants, "in their official capacity," engaged in "particularly egregious and improper behavior for [] judicial officer[s] amounting to gross negligence, reckless difference, and/or intentional violation of and/or disregard for the due process and other rights of the disabled Plaintiffs."  (Id. ¶ I(c).)  This conduct allegedly occurred "in trial of cause No. II-98078 in Williamson County Circuit Court," presided over by Judge Harris, and "in Appeal No.

2

M2003-02033-COA-R3-CV before the Tennessee Court of Appeals,"
presided over by Judge Cain. (Id.) These cases were post-
divorce proceedings in which Smith's ex-wife and Plaintiff
Minor's mother, Carol Ann Pellet Smith ("Pellet"), sought an
increase in child support based on Smith's substantial
inheritance from his mother. Smith v. Smith, No. M2003-02033-
COA-R3-CV, 2005 WL 1384896 at *1 (Tenn. Ct. App. 2005), aff'q
Circuit Court for Williamson County, No. II-98078. Plaintiffs
also allege that they were discriminated against by Judge Margret
Shipley of the Circuit Court of Davidson County and Judge Heldman
of the Circuit Court of Williamson County, who both refused to
grant Plaintiffs a continuance for accommodation of their
disabilities. (Am. Compl. ¶ III(g).) Smith alleges that the
decisions of these judicial officers "forced [him] into
bankruptcy by [their] unlawful decisions." (Id.)

Prior to the commencement of this action, Smith filed for
bankruptcy relief under Chapter 11 of the Bankruptcy Code on
October 15, 2005, which was converted to a Chapter 7 bankruptcy
case on January 24, 2006. (Docket Entry No. 14 ¶¶ 1-2.) Limor
was appointed as Trustee of the Bankruptcy Estate of William
Ashby Smith, Jr. on January 24, 2006. (Id. ¶ 3.)

In his amended complaint, Smith alleges that Limor

> has discriminated against Plaintiff Smith as a
> disabled person and for reasons of apparently
> expressed greed, personal animosity and/or bias
> against disabled persons, generally, and has failed

3

to reasonably accommodate such disabilities as he has, and which are or should be known to her in performance of her duties as a Chapter 7 bankruptcy trustee:

1. by allowing his debtor's estate to diminish, seeking to take advantage of his disabilities to generate unnecessary fees for both herself, and others with whom she associates regularly; and:

2. to help her crony Mark Podis, a Nashville bankruptcy lawyer and others with conflicted interests, including herself, as a creditor of Plaintiff's estate, and so benefit from his disability, and deny Plaintiff the opportunity to practice law or otherwise earn a living, in a manner consist [sic] with his limitations and to deny him benefit from the proper and efficient administration of his estate in order to pay off his creditors and receive any surplus, without unnecessary and excessive administrative cost generated by Ms. Limor, and by directing her agents to interfere with this lawsuit, and other interests of Plaintiff Smith and of his present wife unrelated to the bankruptcy estate and necessary to his rehabilitation and health.

(Am. Compl. ¶ I(e).)

Plaintiffs allege various other conduct in violation of their civil rights and of the ADA. These allegations involve Pellet, Pellet's attorney in the above-cited child support proceedings, James L. Weatherly ("Weatherly"), and Weatherly's law firm, Hollins, Wagster, Yarbrough, Weatherly & Raybin, P.C. ("Law Firm"). (Id. ¶ I(d).)

The alleged conduct by these Defendants is not the subject of the Motions before the Court, and therefore, the factual allegations with regard to these Defendants need not be discussed.

4

On March 22, 2006, the State Defendants filed a motion to dismiss the original complaint. (Docket Entry No. 15.) After receiving the amended complaint, the State Defendants filed the Motion to Dismiss Amended Complaint which is now considered. (Docket Entry No. 18.) Smith did not respond to this Motion.

The Rule 16 hearing was originally scheduled for April 11, 2006, (Docket Entry No. 12), but on March 23, 2006, the undersigned granted Limor's motion to continue the Rule 16 hearing as Limor would be out of town on April 11, 2006. (Docket Entry No. 17 at 1.) In that order, the undersigned also advised Smith that "a non-attorney parent of a disabled child cannot represent that child in legal proceedings." (<u>Id.</u> (citing <u>Cavanaugh v. Cardinal Local Sch. Dist.</u>, 409 F.3d 753 (6th Cir. 2005).) Though Smith is a member of the Tennessee Bar, he appears in this suit <u>pro</u> <u>se</u>, and therefore, is a non-attorney as far as this Court is concerned. Therefore, the undersigned advised that "[i]t does not appear that Mr. Smith can represent his minor child in a <u>pro</u> <u>se</u> capacity." (<u>Id.</u> at 2.) It was also pointed out that because Smith was seeking to reduce payments to Pellet for Plaintiff Minor's support, it appeared that there could be a serious conflict of interest in Smith's representation of Plaintiff Minor either as next friend or as his attorney. (<u>Id.</u>)

The Rule 16 hearing was rescheduled for Monday, May 1, 2006

at 11:00 a.m. (Docket Entry No. 17.) Smith did not appear for
this hearing, and initially, neither did an attorney for the
State Defendants. (Docket Entry No. 20 at 1.) Upon contacting
the Attorney General's Office, the Court learned that the
attorney assigned to the case had left the office, and Leslie
Bridges entered an appearance for the State during the hearing.
(Id.) Limor was also present at the hearing. (Id. at 2.) After
several attempts, the Court was unable to reach Smith. (Id.) In
an order entered on May 2, 2006, Smith was warned that the
undersigned "may take the failure to respond to a motion as
meaning there is no opposition to said motion." (Id.) Smith was
further "directed to advise the Court on or before May 12, 2006,
whether he has abandoned this lawsuit, to provide the Court with
a current address and telephone number, and to respond to the
state's motion to dismiss, as well as show cause why the Court
should not recommend the Trustee be dismissed for lack of subject
matter jurisdiction." (Id.)

On May 8, 2006, Smith sent a facsimile advising that he was
seeking the assistance of legal counsel, providing a post office
box in Arlington, TN, and providing a telephone number. (See
Docket Entry No. 22 at 1.) The facsimile also included an
affidavit from a sociologist, pointing out various difficulties
Smith has because he suffers from AD/HD, an affidavit from a
chiropractor, stating that Smith is experiencing back problems,

6

and an affidavit from an assistant in Smith's office stating that Smith seemed to be experiencing pain and dizziness. (See id.) None of these explanations directly address his absence on May 1, 2006. In an order entered on May 22, 2006, Smith was advised this facsimile was not properly filed with the Court, as the Court does not accept facsimiles. (Id. at 2.) Smith has never corrected that problem by properly filing a response and has never offered a specific explanation which he signed addressing his absence.

Also in the order of May 22, 2006, the undersigned set an in-court hearing for June 7, 2006 at 1:30 p.m. (Id.) Plaintiffs were "cautioned that failure to attend this hearing, either in person or through an attorney, will be grounds for recommending the dismissal of [this] case and for sanctions." (Id.) Plaintiffs were again "directed to file a response to the defendant's motion to dismiss and show cause why the Magistrate Judge should not recommend the trustee be dismissed for lack of subject matter jurisdiction by June 2, 2006." (Id.) The undersigned finally warned Plaintiffs that "[f]ailure to respond to these matters can result in a recommendation that they be granted as they are unopposed." (Id.)

Again, Plaintiffs failed to respond to the State Defendants' Motion to dismiss and failed to show why the Court has subject matter jurisdiction in his case against Limor. Finally,

7

Plaintiffs failed to attend the hearing on June 7, 2006. Limor and an attorney for the State Defendants were both present at this hearing. The attorney for Pellet, Weatherly, and the Law Firm was not present due to an error in the clerks office. He is now shown on the electronic service list.

### III. CONCLUSIONS OF LAW

A. <u>FOUR INDEPENDENT GROUNDS EXIST FOR THE DISMISSAL OF THE CLAIMS AGAINST THE STATE DEFENDANTS</u>

The Plaintiffs claims against the State Defendants are frivolous and malicious, and could well constitute Rule 11 violations. Despite being warned of such by the Court, (Docket Entry No. 12 at 2), the Plaintiffs have persisted.

Plaintiffs were also warned on several occasions, (<u>e.g.</u>, Docket Entry No. 22), that failure to respond to the State Defendants' Motion to Dismiss Amended Complaint may result in a recommendation that the State Defendants' Motion be granted as it is unopposed. Local Rule 7.01(b). However, in the interest of justice, the undersigned will consider the merits of the State Defendants' Motion.

The State Defendants make four arguments in support of their Motion: (1) that the named judges and courts enjoy judicial immunity, (2) that Plaintiffs failed to state a claim under the ADA, (3) that Plaintiffs' claims are barred by the statute of limitations, and (4) that the State and its officials are immune

8

from suits brought under 42 U.S.C. § 1983 where monetary damages are the requested relief. (Docket Entry No. 19.) Each will be considered in turn.

1. *The Named Judges and Courts Enjoy Judicial Immunity*

Judicial immunity is a long-standing doctrine of American jurisprudence dating back to 1872. <u>Bradley v. Fisher</u>, 80 U.S. 335, 20 L. Ed. 646 (1872). "[A] judge is immune from civil liability for bona fide acts done in the exercise of his judicial function while acting within the limits of his jurisdiction." <u>Harris v. Witt</u>, 552 S.W.2d 85, 85 (Tenn. 1977). A judge's "errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption." <u>Pierson v. Ray</u>, 386 U.S. 547, 554, 87 S. Ct. 1213, 1218, 18 L. Ed. 2d 288 (1967). In <u>Pierson</u>, the United States Supreme Court noted that the legislative record gave "no clear indication that Congress meant to abolish" judicial immunity with regard to civil rights claims filed under 42 U.S.C. § 1983. <u>Id.</u> The ADA and § 1983 were passed for similar policy reasons, and the undersigned likewise sees no evidence of a congressional intent to abolish judicial immunity with regard to claims filed under the ADA.

Plaintiffs' amended complaint alleges that Judge Donald P. Harris, Judge Russell Heldman, and Judge William B. Cain violated the ADA while working "in their official capacity." (Am. Compl.

9

¶ I(c).)  As such, they are absolutely immune from liability, even if they were, <u>arguendo</u>, "acting maliciously or corruptly." <u>Pierson</u>, 386 U.S. at 554.

   Plaintiffs' amended complaint also alleges that Judge Margret Shipley of the Circuit Court of Davidson County violated the ADA by "failing to grant a continuance," an act done in her official capacity.  (Am. Compl. ¶ I(c).)  However, Plaintiffs have not joined Judge Shipley as a defendant to this suit.

   Plaintiffs' amended complaint further alleges violations of the ADA by officials in the Judicial Division of the State of Tennessee.  (<u>Id.</u>)  "The doctrine of absolute judicial immunity . . . has been extended to persons, other than judges, performing judicial or quasi judicial functions," including court officials. <u>Miller v. Niblack</u>, 942 S.W.2d 533, 537 (Tenn. Ct. App. 1996). Therefore, the other officials in the Judicial Division of the State of Tennessee who were working in their official capacity also enjoy judicial immunity.

   Plaintiffs' amended complaint makes no specific allegations regarding any alleged violations of the ADA by the named courts. However, even if such violations were alleged, an immunity analysis need not be undertaken since the state courts themselves are not legal entities capable of being sued.  <u>Bridges v. Senger</u>,

730 F. Supp. 1401, 1407-08 (W.D. Mich. 1990).[1]

2.  *Plaintiffs Failed to State a Claim Under the ADA*

Title II of the ADA provides the necessary elements of a claim under the ADA.  It states in relevant part, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132 (2005).

In Tennessee v. Lane, 541 U.S. 509, 522-23, 124 S. Ct. 1978, 158 L. Ed. 2d 820 (2004), the United States Supreme Court identified five constitutional rights that Congress sought to uphold in enacting Title II of the ADA: (1) the right of access to the courts, (2) the right of a criminal defendant to be present at all stages of a trial where his absence may frustrate the proceedings, (3) the right of certain civil litigants to a meaningful opportunity to be heard, (4) the right of criminal defendants to a trial by jury, and (5) the public's right of access to criminal proceedings.

The proceedings which Plaintiffs allege violated their

---

[1]The State Defendant's Motion does not address the Rooker-Feldman and Younger Doctrines.  However, under such, a district court lacks jurisdiction to review state court decisions.  If Plaintiffs wish to have the decisions of the circuit courts and the court of appeals reviewed, the proper venue is in the Tennessee Supreme Court or the United States Supreme Court.  See Gilbert v. Ferry, 401 F.3d 411 (6th Cir. 2005).

rights under the ADA were civil, and therefore, this Court must only consider the first and third rights outlined in <u>Lane</u>. As such, the Court must determine if Plaintiffs alleged that they were deprived of their right to access to the courts or if Plaintiffs alleged that they were deprived of a meaningful opportunity to be heard.

That Smith was not deprived of his right of access to the courts is obvious by the allegations contained in his complaint. Smith alleges that Judge Harris, Judge Heldman, and Judge Cain engaged in "particularly egregious and improper behavior for [] judicial officer[s] amounting to gross negligence, reckless difference, and/or intentional violation of and/or disregard for the due process and other rights of the disabled Plaintiffs occurring in trial of cause No. II-98078 in Williamson County Circuit Court, and in Appeal No. M2003-02033-COA-R3-CV before the Tennessee Court of Appeals." (Am. Compl. ¶ I(c).) Smith could not make such an allegation against judicial officers if he had indeed been denied <u>access</u> to the courts.

Smith likewise does not allege that he was deprived of a meaningful opportunity to be heard. Smith, throughout his amended complaint, alleges that he suffers from various disabilities and has had to undergo various medical procedures to remedy his disabilities. (<u>E.g.</u>, <u>id.</u> first paragraph designated III(f).) However, Smith never once alleges that he was deprived

12

of a meaningful opportunity to be heard because of these disabilities. Instead, his allegations appear to sound more in conspiracy theory than in disability law. (<u>See</u> <u>id.</u> ¶ III(a) (calling Judge Cain's opinion for the Court of Appeals of Tennessee "a shoddy but apparent attempt to help his crony, James L. Weatherly, and to insulate James L. Weatherly [] from liability for intentional torts in a pending civil damages action . . . .")

Plaintiff Minor has also not alleged that he was denied access to the courts. In fact, Plaintiff Minor's interests were the primary consideration in the state proceedings, as the proceedings concerned child support payments. <u>Smith</u>, 2005 WL 1384896. Plaintiff Minor alleges that his disabilities have not been reasonably accommodated by the State Defendants because the State Defendants "imposed such an unreasonable, arbitrary, and burdensome child support obligation on Plaintiff Smith as to injure his capability of nurturing and supporting [Plaintiff Minor] who has express rights to receive same." (Am. Compl. ¶ IV(b).) Regardless of the probable logical flaw in such an argument, this allegation does not address Plaintiff Minor's access to the courts.

Neither does the above allegation address Plaintiff Minor's meaningful opportunity to be heard in the proceedings. Plaintiff Minor further alleges that he "is a special needs child who

13

requires his father's care, and who indeed might never have received such services without his father's intervention due to the efforts of Weatherly and Pellet to obscure his conditions and expose him to undesirables in violation of a court order." (Id.) The fact that Plaintiff Minor acknowledges that there was a court order in place to protect him shows that he was not deprived of a meaningful opportunity to be heard.

The State Defendants make several "slippery slope" arguments of possible consequences of finding for the Plaintiffs in this matter. These need not be considered. Under Federal Rule of Civil Procedure 12(b)(6), which provides for dismissal when a plaintiff has failed to state a claim on which relief can be granted, the Plaintiffs' claims of ADA violations by the State Defendants should be dismissed due to their failure to allege essential elements of their claims.

The disabilities from which Plaintiffs allegedly suffer, however incapacitating they may be, are not the proper subject of claims under Title II of the ADA unless the Plaintiffs allege that because of their disabilities they were denied access to courts or were denied a meaningful opportunity to be heard. This they have not done. Therefore, the argument that the State Defendants violated the ADA in certain judicial proceedings is simply without merit.

14

3.  *Plaintiffs' Claims are Barred by the Statute of Limitations*

The ADA does not contain an explicit statute of limitations. However, the United States Supreme Court has held that where a federal statute does not have a statute of limitations, a court should borrow the statute of limitations from the most analogous cause of action, provided that it is not inconsistent with federal law or policy to do so. <u>Wilson v. Garcia</u>, 471 U.S. 261, 266-67, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985). In <u>Wilson</u>, the Supreme Court concluded that the state statute of limitations governing personal injury claims was the most appropriate for application to claims under 42 U.S.C. § 1983. <u>Id.</u> at 276.

As discussed previously, the ADA is comparable in both policy and congressional intent to § 1983. Therefore, this Court can find guidance in the fact that the Supreme Court found personal injury statutes of limitation to be appropriate for claims under § 1983.

The Supreme Court has not considered the appropriate statute of limitations for claims arising under the ADA. However, the Seventh Circuit and the Eleventh Circuit have both held that the proper statute of limitations for a claim arising under the ADA is the state's personal injury statute. <u>Soignier v. American Bd. of Plastic Surgery</u>, 92 F.3d 547, 551 (7th Cir. 1996); <u>Everett v. Cobb County Sch. Dist.</u>, 138 F.3d 1407, 1409-10 (11th Cir. 1998). Likewise, the Tenth Circuit, Second Circuit, and Fifth Circuit

15

have held that the personal injury statute of limitations is appropriate for claims arising under the Rehabilitation Act, a statute closely related to the ADA. Baker v. Bd. of Regents, 991 F.2d 628, 632 (10th Cir. 1993); Morse v. Univ. of Vt., 973 F.2d 122, 127 (2d Cir. 1992); Hickey v. Irving Indep. Sch. Dist., 976 F.2d 980, 982-83 (5th Cir. 1992).

Specifically with regard to the Tennessee statute supplying the appropriate limitations period, the Sixth Circuit has held that an ADA claim should have a one year statute of limitations based on a Tennessee Code provision imposing such a limitation on civil rights claims, Tenn. Code Ann. § 28-3-104(a)(3). Williams v. Trevecca Nazarene Coll., 1998 WL 553029 at *1 (6th Cir. 1998) (unpublished opinion). The same code provision governs both personal injury claims and civil rights claims in Tennessee. That provision imposes a one year statute of limitations on each. Tenn. Code Ann. § 28-3-104(a)(1), (3). Therefore, the appropriate statute of limitations in this case is one year.

Claims of discrimination accrue when the plaintiff is made aware of the discriminatory act. Del. State Coll. v. Ricks, 449 U.S. 250, 258, 101 S. Ct. 498, 66 L. Ed. 2d 431 (1980).

The Circuit Court for Williamson County entered its decision on July 15, 2003, and any claim arising therefrom accrued on that day. (Case No. II-98078.) The original complaint in this matter was filed on February 17, 2006. (Docket Entry No. 1.)

16

Therefore, the ADA claims against the Circuit Court for Williamson County and Judge Harris are time barred.

The State Defendants' Motion also argues that the statute of limitations has run on the claims of discrimination by the Tennessee Court of Appeals and Judge Cain. (Docket Entry No. 19 at 7-8.) The Motion cites to <u>Lever v. Northwestern University</u>, 979 F.2d 552, 556 (7th Cir. 1992), for the proposition that refusal to undo a discriminatory decision is not a fresh act of discrimination and will not, therefore, extend the time for filing suit. While the undersigned agrees with this characterization of <u>Lever</u>, the Plaintiffs' complaint alleges that independent discriminatory acts were committed by Judge Cain of the Tennessee Court of Appeals.[2] (Am. Compl. second paragraph designated III(f).) Judge Cain issued his opinion on June 10, 2005, and therefore, the statute of limitations had not run on these claims when Plaintiffs filed their complaint on February 17, 2006. Regardless of the loose soil on which Plaintiffs' claims against Judge Cain and the Tennessee Court of Appeals stand, such claims are not time barred.

_____

[2]The Magistrate Judge concluded in Section III(A)(2) that Plaintiffs' amended complaint failed to state a claim under the ADA against the State Defendants. However, had the allegations in the amended complaint amounted to a claim, Plaintiffs allege that Judge Cain discriminated against them in more ways than mere refusal to undo the circuit court's allegedly discriminatory decision. (<u>See</u> Am. Compl. ¶ III(a) (stating that Judge Cain ignored Smith's well-documented disabilities in an attempt to "help his crony," Weatherly).)

17

4.  *The State Defendants are Immune From Suits Arising Under 42*

*U.S.C. § 1983 for Money Damages*

It is unclear whether Plaintiffs wish to state a claim against the State Defendants under 42 U.S.C. § 1983. Plaintiffs clearly assert such a claim against Pellet, Weatherly, and the Law Firm. (Am. Compl. ¶ I(d).) Plaintiffs also cite to § 1983 in their jurisdictional statement. (Id. ¶ II.)

Assuming that Plaintiffs intend to pursue a claim against the State Defendants under § 1983, the claim must be dismissed. § 1983 states, in relevant part that "[e]very person who . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. In Will v. Michigan Department of State Police, 491 U.S. 58, 64, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989), the United States Supreme Court held "that a state is not a person within the meaning of § 1983." The Court further held that "a suit against a state official in his or her official capacity" is "no different than a suit against the State itself." Id. at 71 (citing Brandon v. Holt, 469 U.S. 464, 461, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Kentucky v. Graham, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)).

18

As discussed above, all individual State Defendants were working in their official capacity at the time of the alleged discriminatory acts.  Therefore, under <u>Will</u>, the State Defendants are all immune from any claims that Plaintiffs assert under 42 U.S.C. § 1983.

    B.   <u>THE COURT LACKS SUBJECT MATTER JURISDICTION OVER CLAIMS</u>
<u>AGAINST LIMOR</u>

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter, the court shall dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Limor has directed the Court's attention to two cases dealing with subject matter jurisdiction over claims by debtors against trustees to bankruptcy estates.

In <u>Carter v. Rodgers</u>, 220 F.3d 1249 (11th Cir. 2000), the Eleventh Circuit held that a debtor must first obtain leave of the bankruptcy court before initiating an action in district court against the trustee for acts done in the trustee's official capacity.  The court further stated that the debtor's failure to do so deprives the district court of subject matter jurisdiction. <u>Id.</u> at 1253.

Likewise, in <u>In re DeLorean Motor Co.</u>, 991 F.2d 1236 (6th Cir. 1993), the Sixth Circuit held that a debtor had to obtain leave of the bankruptcy court prior to instituting a malicious prosecution action against the trustee.

19

Both In re DeLorean and Carter cite to Barton v. Barbour, 104 U.S. 126, 26 L. Ed 672 (1881). The so-called "Barton Doctrine" states that "[i]t is a general rule that before suit is brought against a receiver[,] leave of the court by which he was appointed must be obtained." Barton at 127.

Here, Smith is currently involved in a Chapter 7 bankruptcy proceeding in which Limor was named as the trustee to his estate. (Docket Entry No. 14 ¶¶ 1-2.) At the hearing on June 7, 2006, Limor stated that the bankruptcy estate was still open and that she had just conducted a successful auction.

Smith alleges that Limor has discriminated against him and "has failed to reasonably accommodate such disabilities as he has, and which are or should be known to her in performance of her duties as a chapter 7 bankruptcy trustee." (Am. Compl. ¶ I(e).) Smith's allegations directly attack Limor's conduct as the trustee to his bankruptcy estate, and therefore, his allegations revolve around actions taken in her official capacity.

Smith's bankruptcy estate is still open, Smith sues Limor based on acts allegedly committed in her official capacity, and Smith does so without leave from the bankruptcy court. Therefore, this Court lacks subject matter jurisdiction over the claims by Smith against Limor.

20

C.  <u>THE COURT SHOULD IMPOSE SANCTIONS AGAINST PLAINTIFFS</u>

Rule 16(f), titled "Sanctions," provides that "if no appearance is made on behalf of a party at a scheduling or pretrial conference, . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just . . . ."  Fed. R. Civ. P. 16(f).  "[T]he court has discretion to impose whichever sanction it feels is appropriate under the circumstances."  Fed. R. Civ. P. 16(f) advisory committee's note.

District courts have broad discretion in fashioning appropriate sanctions and courts of appeals have upheld dismissals of actions, both with prejudice and without prejudice, as Rule 16 sanctions.  <u>See, e.g.</u>, <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744 (5th Cir. 1987) (upholding sanction of dismissal with prejudice for <u>pro se</u> plaintiff's refusal to comply with court order); <u>Ikerd v. Lacy</u>, 852 F.2d 1256 (10th Cir. 1988) (upholding sanction of dismissal without prejudice for attorney's failure to appear at scheduled pretrial conference); <u>Malone v. U.S. Postal Serv.</u>, 833 F.2d 128 (9th Cir. 1987) (upholding sanction of dismissal with prejudice for plaintiff's counsel's willful failure to comply with court's pretrial order); <u>but cf.</u> <u>John v. Louisiana</u>, 828 F.2d 1129 (5th Cir. 1987) (reversing sanction of dismissal with prejudice for plaintiff's counsel causing delays by tardy filings where the

21

aggregate delay did not amount to a significant period of total inactivity and plaintiff himself was innocent of any misconduct).

Plaintiffs failed to appear at the Rule 16 pretrial conference on May 1, 2006. (Docket Entry No. 20 at 1.) In a May 2, 2006 order, the Court ordered Plaintiffs to respond to the State Defendants' Motion to Dismiss, ordered Plaintiffs to show cause why the Court should not recommend Limor's dismissal for lack of subject matter jurisdiction, and ordered Plaintiffs to provide the Court with current contact information. (Docket Entry No. 20 at 2.) Smith's facsimile with current contact information was received on May 8, 2006, but Smith never properly filed this information with the Court. (See Docket Entry No. 22 at 1.) Plaintiffs did not respond to the Court's other orders.

On May 22, 2006, an order was entered setting a new Rule 16 in-court hearing for June 7, 2006 at 1:30 p.m. (Id.) In this order, the Magistrate Judge warned that failure to appear at the June 7, 2006 hearing would be grounds for recommending dismissal and sanctions. (Id.) Smith failed to appear at the June 7, 2006 hearing.

Based on the power to impose sanctions vested in the Court by Rule 16(f), Plaintiffs' continuing failure to respond to the Court's orders, and Plaintiffs' failure to properly file documents with the Court, the Magistrate Judge recommends that the following sanctions be imposed upon Plaintiffs.

22

Smith's claims against Pellet, Weatherly, and the Law Firm should be dismissed with prejudice. Enough of the Court's time has already been wasted by tending to a matter that Smith has failed to pursue. This conduct would be egregious if done by a non-lawyer. For an attorney who still has a law license, it is beyond belief.

However, this Court should not impose the sins of the father on the son. Plaintiff Minor is likely unaware of the proceedings at bar and, if he is aware of them, likely lacks the ability to fully appreciate the consequences of them. Because Plaintiff Minor has failed to appear or have an attorney appear at the Rule 16 hearings and has failed to comply with court orders, the Magistrate Judge also recommends that Plaintiff Minor's claims against Pellet, Weatherly, and the Law Firm be dismissed. However, these dismissals should be without prejudice so that, if Plaintiff Minor feels that his rights as a disabled person have been violated, he is free to pursue all remedies available to him in another proceeding.

### IV. RECOMMENDATION

For each and all of the reasons stated in the discussion of the State Defendants' Motion to Dismiss Amended Complaint, the Motion should be **GRANTED**, and Plaintiffs' claims against the State Defendants should be **DISMISSED WITH PREJUDICE**.

Because the Court lacks subject matter jurisdiction over

23

Smith's claims against Limor, Smith's claims against Limor should be **DISMISSED WITHOUT PREJUDICE.**

Because of Plaintiffs' continual failure to comply with Court orders and failure to appear at scheduled hearings, the Court should impose **SANCTIONS.** Smith's claims against Pellet, Weatherly, and the Law Firm should be **DISMISSED WITH PREJUDICE.** Plaintiff Minor's claims against Pellet, Weatherly, and the Law Firm should be **DISMISSED WITHOUT PREJUDICE.**

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this _19th_ day of June, 2006.

_/s/ Joe B. Brown_
JOE B. BROWN
United States Magistrate Judge

24