UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM ASHBY SMITH, JR. and as next friend for his minor child, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) ) | Case No. 3:06-0127<br>Judge Echols |
| STATE OF TENNESSEE, et al., ) ) | |
| Defendants. ) | |

### ORDER

This matter is before the Court on a Report and Recommendation (R & R) (Docket Entry No. 26) in which the Magistrate Judge recommends (1) granting the state Defendants' Motion to Dismiss Amended Complaint with prejudice; (2) dismissing the claims against Defendant Susan Limor ("Limor") without prejudice; and (3) dismissing the remainder of Plaintiff Smith's action with prejudice and his minor son's claims without prejudice as a sanction for Plaintiffs' failure to comply with Court Orders and appear at scheduled hearings. The R & R was issued on June 19, 2006, and Plaintiffs have filed no objections thereto, even though they were informed in the R & R that any objections needed to be filed within ten (10) days (Docket Entry No. 26 at 24).

Where, as here, no objections are made to the R & R, "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b).

1

This is an action in which Plaintiff, an attorney, filed suit on behalf of himself and his minor child (who is an unnamed co-Plaintiff) against assorted state Defendants (three courts and three state judges), the trustee in his bankruptcy proceedings (Limor), his ex-wife (Carol Ann Pellett) and her attorney (James L. Weatherly) and the law firm in which he is a partner (Hollins, Wagster, Yarbrough, Weatherly & Raybin, P.C.). Simply framed, Plaintiffs allege that the various defendants violated their rights under federal law, including the Americans With Disabilities Act ("ADA"), in relation to proceedings which were held in state court involving an increase in child support payments.

The Magistrate Judge recommends dismissal of the state Defendants because (1) the judges are entitled to absolute immunity; (2) the state courts are not legal entities capable of being sued; (3) Plaintiffs fail to state a claim upon which relief can be granted under the ADA; (4) several of the claims under the ADA are barred under the applicable statute of limitations, and (4) the state defendants are immune from suit for money damages under 42 U.S.C. § 1983. With regard to Defendant Limor, the Magistrate Judge recommends dismissal without prejudice for lack of subject matter jurisdiction because leave must be granted by the Bankruptcy Court to pursue claims against a trustee for acts done in the trustee's official capacity.

This Court has thoroughly reviewed the record in this case and finds that the Magistrate Judge, in his lengthy and well-reasoned opinion, properly analyzed Plaintiffs' claims and employed the

proper legal analysis to resolve those claims and determine that the state Defendants and Defendant Limor are entitled to dismissal of the claims asserted against them.

The Court also finds that, as recommended by the Magistrate Judge, the remaining claims should be dismissed as a sanction for Plaintiff Smith's repeated refusals or failure to comply with the federal rules and Orders of the Court. With regard to the procedural history of this case and Plaintiff Smith's failure to comply with the Orders of this Court and the federal rules, the Magistrate Judge found, and the record reflects, the following:

- Plaintiff Smith failed to attend a Rule 16 hearing duly set for May 1, 2006;

- On May 2, 2006, the Magistrate Judge entered an Order in which Plaintiff Smith was warned the Court "may take the failure to respond to a motion as meaning there is no opposition to said motion";

- In the May 2, 2006 Order, Plaintiff Smith was "directed to advise the Court on or before May 12, 2006, whether he has abandoned this lawsuit, to provide the Court with a current address and telephone number, and to respond to the state's motion to dismiss, as well as show cause why the Court should not recommend the Trustee be dismissed for lack of subject matter jurisdiction";

- On May 8, 2006, Smith sent the Court a facsimile advising of some difficulty that he was allegedly having, but did not address his failure to appear on May 1, 2006;

- In an Order entered on May 22, 2006, Smith was ordered to promptly file the facsimile in the proper form because the Court does not accept facsimile filings. Smith did not do so. That Order also set a hearing for June 7, 2006 and Plaintiff Smith was "cautioned that failure to attend this hearing, either in person or through an attorney, will be grounds for recommending the dismissal of [this] case and for sanctions." He

3

> was also again "directed to file a response to the defendant's motion to dismiss and show cause why the Magistrate Judge should not recommend the trustee be dismissed for lack of subject matter jurisdiction by June 2, 2006." Smith was also warned that "[f]ailure to respond to these matters can result in a recommendation that they be granted as they are unopposed";

- Plaintiff Smith failed to respond to the State Defendants' Motion to Dismiss, failed to show why the Court had subject matter jurisdiction in the case against Limor, and failed to attend the hearing on June 7, 2006.

(Docket Entry Nos. 20 & 22). Because of Plaintiff Smith's total failure to prosecute this action, the Magistrate Judge recommends dismissal of the remainder of Plaintiff Smith's claims with prejudice. The Magistrate Judge also recommends that the remaining claims of Plaintiff's minor son be dismissed, albeit without prejudice, because "this Court should not impose the sins of the father on the son" and the son should be able "to pursue all remedies available to him in another proceeding." (Docket Entry No. 26 at 23).

The Court finds the Magistrate Judge's recommendation as to the remaining claims to be appropriate in this case. Rule 41(b) of the Federal Rules of Civil Procedure gives courts the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Fed. R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" <u>Knoll v. American Tel. & Tel. Co.</u>, 176 F.3d 359, 363

4

(6th Cir. 1999)(citation omitted). Dismissals under Rule 41(b) are reviewed for an abuse of discretion. Id.

Here, the Magistrate Judge was presented with a clear record of Plaintiff Smith's failure to comply with the Court's Orders or respond as required by the rules. While the imposition of dismissal is a harsh sanction, Salt Lick Bancorp. v. F.D.I.C., 2006 WL 1524623 at *18 (6th Cir. 2006), it is a sanction which is appropriate in this case given Plaintiff Smith's total disregard of the case once the state Defendants had filed their Motion to Dismiss. The Court finds that Plaintiff Smith's inaction signals a total abandonment of this case, particularly since he was warned that dismissal could result from failure to attend hearings and/or respond to pending motions and/or comply with the Orders of the Court.

Accordingly, the Court rules as follows:

(1) The R & R (Docket Entry No. 26) is hereby ACCEPTED;

(2) The state Defendants' Motion to Dismiss Amended Complaint (Docket Entry No. 18) is hereby GRANTED and the claims against those Defendants are hereby DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted;

(3) Plaintiffs' claims against Defendant Susan Limor are hereby DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction;

(4) Plaintiff William Ashby Smith, Jr.'s claims against Defendants Carol Ann Pellett, James L. Weatherly, and Hollins,

5

Wagster, Yarbrough, Weatherly and Raybin, P.C., are hereby DISMISSED WITH PREJUDICE; and

(5) Co-Plaintiff William Ashby Smith, Jr.'s minor son's claims against Defendants Carol Ann Pellett, James L. Weatherly, and Hollins, Wagster, Yarbrough, Weatherly and Raybin, P.C., are hereby DISMISSED WITHOUT PREJUDICE.

This case is hereby DISMISSED in accordance with the foregoing and entry of this Order on the docket shall constitute entry of a final judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a).

It is so Ordered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE